UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVERN LEE BURNSIDE,

        Petitioner,                Case Number: 2:15-CV-10212
                                                   HONORABLE VICTORIA A. ROBERTS

v.

STEVEN RIVARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION TO HOLD HABEAS PETITION IN ABEYANCE, AND
DISMISSING PETITION WITHOUT PREJUDICE**

**I.    Introduction**

Michigan state prisoner Avern Lee Burnside filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights. Petitioner was convicted in the Genesee County Circuit Court of assault with intent to murder, MICH. COMP. LAWS § 750.83; carrying a concealed weapon, MICH. COMP. LAWS § 750.227(2); felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; discharging a weapon from a vehicle, MICH. COMP. LAWS § 750.234a, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. The matter is currently before the Court on Petitioner's motion to hold the petition in abeyance so that he can raise unexhausted claims in the state courts. The Court denies Petitioner's motion for a stay and instead dismisses without prejudice the habeas petition. The Court also denies a certificate of appealability.

## II.   Procedural History

Petitioner was convicted by a jury in Genesee County Circuit Court.  On March 28, 2012, he was sentenced to 20 to 40 years' imprisonment for the assault with intent to murder conviction, two years' imprisonment for the felony-firearm conviction, and 2-1/2 to 15 years' imprisonment for each of the three remaining convictions.

Petitioner filed an appeal of right with the Michigan Court of Appeals raising these claims: (i) the trial court erred in allowing police sergeant to testify about the behavior of domestic violence victims; (ii) the prosecutor committed misconduct because her opening statement was argumentative, she vouched for the credibility of prosecution witnesses, and elicited improper opinion testimony; (iii) prior bad acts evidence was improperly admitted; (iv) right to a speedy trial was violated; and (v) trial counsel was ineffective. The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Burnside*, No. 309807, 2014 WL 1515265 (Mich. Ct. App. Apr. 17, 2014) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims.  The Michigan Supreme Court denied leave to appeal.  *People v. Burnside,* 497 Mich. 889 (Mich. Oct. 28, 2014).

Petitioner filed his federal habeas petition on January 14, 2015.

## III.   Discussion

Petitioner seeks a stay so that he may raise unexhausted claims in state court.  A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to the petitioner. He may filed a motion for relief from judgment in the Genesee County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to

3

federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on October 28, 2014, and Petitioner has 90 days from that date, until January 26, 2015, to seek a writ of certiorari with the United States Supreme Court. Petitioner filed his federal habeas petition on January 14, 2015. Thus, the limitations period had not even commenced at the time he filed his petition.

Assuming that Petitioner files an appropriate post-conviction motion in the state court within a reasonable portion of time, the remaining portion of the limitations period allows him ample time to re-file his petition including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] post-conviction or collateral proceeding toll[s] the [AEDPA] statute of limitations, but does not restart it." *Anderson v. Brunsman*, No. 11-3784, 562 F.3d 426, 430 (6th Cir. 2014) (citing 28 U.S.C. § 2244(d)(2)).  Thus, because he has time to return to state court to exhaust his remedies, Petitioner has not shown the need for a stay and a non-prejudicial dismissal of the habeas petition is appropriate.

**IV.**     **Conclusion**

Accordingly, the Court **DENIES** Petitioner's Motion to Hold In Abeyance Petitioner's Petition for Writ of Habeas Corpus [dkt. #4] and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  If Petitioner wishes to proceed on the claims contained in the petition and abandon his unexhausted claims, he may move to reopen these proceedings within thirty days from the date of the Order.

The Court **DENIES WITHOUT PREJUDICE** Petitioner's Motion for Appointment of Counsel [dkt. #3].

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable

whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. This case is closed.

    **SO ORDERED**.

                                    S/Victoria A. Roberts
                                    VICTORIA A. ROBERTS
                                    UNITED STATES DISTRICT JUDGE

Dated: 1/30/2015